JUSTICE ERDMANN
concurring in part and dissenting in part.
I concur with the majority’s holding on Issue 1, respectfully dissent from its holding on Issue 2, and join with Chief Justice Turnage’s dissent on Issue 3. Gary Stratemeyer’s mental injuries resulted from duties performed within the scope of his employment as a Lincoln County Sheriff’s Deputy. See Stratemeyer v. MACO Workers Corp. Trust (1993), 259 Mont. 147, 855 P.2d 506 (Stratemeyer I). The legislature has declared that mental injuries are not compensable under the Workers’ Compensation Act. Section 39-71-105(5), MCA.
In Stratemeyer I this Court held that the exclusion of mental injuries without physical manifestations was rationally related to a legitimate government objective of controlling the costs of the workers’ compensation program. Stratemeyer then filed a tort action against Lincoln County in district court. The District Court dismissed the action on the basis that the Workers’ Compensation Act provided the exclusive remedy for Stratemeyer. The majority has now reversed this determination and has held that even though Stratemeyer’s employment was covered under the Act, since his injury is not compensable under the Act the exclusive remedy provisions do not apply. In doing so, the Court avoids a harsh result and if it were within this Court’s province to do so, I would certainly join the majority. However, the scope of coverage for employment-related injuries should remain within the province of the legislature and its power to define and amend the Workers’ Compensation Act.
The majority correctly notes that the exclusive remedy rule is perhaps the most firmly entrenched doctrine in workers’ compensation law. Montana’s exclusive remedy provision provides in part:
*81 For all employments covered under the Workers’ Compensation Act or for which an election has been made for coverage under this chapter, the provisions of this chapter are exclusive.
Section 39-71-411, MCA (emphasis added). There is no dispute that Stratemeyer’s employment was covered under the Act and therefore the remedy provisions of the Act, no matter how harsh, are exclusive.
I do not agree with the majority’s interpretation of the language in § 39-71-411, MCA, which states that “an employer is not subject to any liability whatever for the death of or personal injury to an employee covered by the ... Act.” (Emphasis added.) The language is unambiguous and simply states that the employer is not liable for injuries to its employees covered under the Act. The majority misinterprets the language to create an exclusivity provision that is injury-driven, rather than employment-driven. The majority states that “[t]he exclusive remedy rule applies only if the injury suffered by the worker is covered by the Act.” On the contrary, under the plain language of § 39-71-411, MCA, the focus should not be on the type of injury incurred but instead on whether the injury occurred within the scope of employment.
The majority supports it conclusion by overlaying the definition of “injury” found in § 39-71-119, MCA, onto § 39-71-411, MCA. Such a stretch is not necessary, as the language of § 39-71-411, MCA, standing on its own, is clear when it states that “[f]or all employments covered under the ... Act... the provisions of this chapter are exclusive.”
The majority’s reliance on Errand v. Cascade Steel Rolling Mills (Or. 1995), 888 P.2d 544, is not persuasive. In discussing that case, the majority notes in passing that the language of the Oregon Workers’ Compensation Act differs from ours. However, I find the difference in the statutory language to be significant. The Oregon exclusivity provision provides that a complying employer’s liability “is exclusive and in place of all other liability arising out of compensable injuries to the subject workers” and that the “rights given to a subject worker ... for compensable injuries under this chapter are in lieu of any remedies they might otherwise have for such injuries against the worker’s employer.” Errand, 888 P.2d at 546-47 (quoting Or. Rev. Stat. 656.018(1) and Or. Rev. Stat. 656.018(2)).
The Oregon Legislature, unlike ours, has chosen to specifically tie its exclusivity provision to “compensable injuries.” Our legislature could certainly choose to restrict Montana’s exclusivity provision to “compensable injuries,” but has chosen not to do so. The Montana Workers’ Compensation Act is the exclusive remedy for all employ- *82 merits covered under the Act, regardless of the nature of the injury involved.
I agree with the majority that the quid pro quo between employers and employees is central to the Act, but it is a legislatively created quid pro quo and, within constitutional limits, is defined by the legislature.
The majority’s rationale that the employer is shielded from liability only for those injuries covered under the Act essentially rewrites the language of § 39-71-411, MCA. This Court should not assume legislative functions by adding what the legislature has omitted, or by omitting what the legislature has added. Russette v. Chippewa Cree Housing Auth. (1994), 265 Mont. 90, 93-94, 874 P.2d 1217, 1219. The majority has added “covered injury” to the exclusive remedy statute, and therefore, has improperly assumed a legislative function. I would affirm the District Court on Issue 2.
* * *